# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00598-CV

**C. R., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
NO. 2012-2348, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## MEMORANDUM OPINION

This is an appeal from a final decree, based on jury findings, terminating the parental rights of a mother, C.R., to her three children, D.C., A.C., and A.R. C.R.'s court-appointed counsel has filed a motion to withdraw and an *Anders* brief, concluding that the appeal is frivolous and without merit.[1] Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal.[2] C.R. was provided with a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights).

[2] *See Anders*, 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47.

At the termination hearing, the jury heard evidence tending to show that, among other things, C.R. had lived with a man, E.C., who had assaulted her on multiple occasions, including at least once in the presence of their children.[3] During his testimony, E.C. acknowledged that he had been physically abusive to C.R. in the children's presence. The evidence also tended to show that E.C. had previously been convicted of the offenses of aggravated assault with a deadly weapon (a bat) and burglary of a habitation, was a member of a prison gang, and that C.R. was aware of E.C.'s membership in the gang while she was in a relationship with him.

During her testimony, C.R. explained that E.C. started hitting her when she was pregnant with her first child and that the violence had escalated over time, eventually leading to E.C. threatening to kill her and the children. Following an assault that E.C. committed against her in December 2010, C.R. had ended her relationship with E.C. C.R. acknowledged that not leaving E.C. sooner had emotionally harmed her children.

Further evidence tended to show that after C.R.'s relationship with E.C. had ended, she began a relationship with and eventually married R.R. Much of the evidence at the termination hearing related to pending criminal charges against R.R. for an incident of abuse that he had allegedly committed against one of the children. According to the evidence presented, the child had suffered a traumatic and potentially life-threatening injury to her pancreas that the Department claimed was caused by R.R. hitting the child in the stomach. Both R.R. and C.R. denied that R.R.

---

[3] E.C. is the father of two of the children subject to this suit. His parental rights to those children were also terminated in these proceedings, as were the parental rights of R.R., the father of the third child. Neither R.R. nor E.C. has filed a notice of appeal from the district court's termination decree.

was responsible for the injury, but the Department presented medical and other evidence that was contrary to their denials. Another contested issue during trial was the status of C.R.'s relationship with R.R. Although they were still married, C.R. claimed that she was separated from and no longer romantically involved with R.R. However, other evidence presented at trial—including a photo of the couple kissing, taken surreptitiously during a trial recess—suggested otherwise.

Other evidence presented at trial tended to show that termination of C.R.'s parental rights was in the best interest of the children. Bonnie Rushing, a conservatorship caseworker for CPS, testified that there was an adoptive foster home ready and suitable for the children. Rushing acknowledged that the children would prefer to be reunited with C.R., but Rushing had ongoing concerns about C.R.'s ability to protect the children. When asked why she was recommending termination, Rushing explained, "[C.R. and R.R.] completed the [court-ordered parenting] classes, but they didn't demonstrate an ability to protect the children. [C.R.] was updated throughout the case in court about our concerns with her remaining with [R.R.]. She's been with him throughout the whole case." Rushing added that the Department's recommendation was also based on the opinions of other service providers who had worked with C.R., R.R., and the children throughout the case. These providers included licensed professional counselors Roxanne McMillan and Deborah Taber, both of whom also provided testimony tending to show that C.R. would have difficulty protecting her children from harm.

At the close of evidence, the district court submitted to the jury, as alternative statutory grounds within broad-form termination issues, whether C.R. had: (1) knowingly placed or knowingly allowed their child to remain in conditions or surroundings which endanger the child's

3

physical or emotional well-being; or (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the child's physical or emotional well-being.[4] In addition to these alternative statutory termination grounds, the termination issue also submitted whether termination of the parent's rights was in the best interest of each of the children.[5] The jury found that C.R.'s parental rights to each of the three children should be terminated, and the district court rendered judgment accordingly. This appeal followed.

Having reviewed the record and counsel's brief, we agree that the appeal is frivolous. We find nothing in the record that might arguably support the appeal.[6] We affirm the district court's termination decree and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: January 29, 2015

---

[4] *See* Tex. Fam. Code § 161.001(1)(D), (E).

[5] *See id*. § 161.001(2).

[6] *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47.

4